**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| VICTOR CRAIG MILDTON, | : |
|  | : Civil Action No. 15-3750(RMB) |
| Petitioner, | : |
|  | : |
| v. | : **OPINION** |
|  | : |
| JORDAN HOLLINGSWORTH, WARDEN, | : |
|  | : |
| Respondent. | : |

**BUMB**, District Judge

This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241, which was unaccompanied by the $5.00 filing fee or an in forma pauperis (IFP) application. See ECF No. 1 ("Petition"). Petitioner is a federal inmate confined at the Federal Correctional Institution in Fort Dix, New Jersey, imprisoned after pleading guilty to felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and possession with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 841(a), (b)(1)(A)(iii), and 851, in the U.S. District Court, Western District of Michigan on June 10, 2009. Judgment, U.S. v. Mildton, 1:08:CR:196:01, (W.D. Mich. June 10,

2009). The court sentenced Petitioner to concurrent sentences of 90 months on Count 1, and 240 months on Count 4. (<u>Id.</u>)

Petitioner gave the following reason why he did not appeal:

> I wasn't aware of the fact that in order for my prior drug offense conviction to be appropriately considered a "valid" predicate offense for §851 (Notice of Information) purposes, said prior offense must have involved a "specified (and sizeable) quantity" of drugs. 18 U.S.C. §3559(c)(2)(H)(ii).

(Pet. ¶7(b)).

In the Petition at bar, Petitioner alleges: "[t]rial counsel failed to properly object to and/or argue the imposition of Title 21 U.S.C. §851 enhancement, and said enhancement was erroneously applied by the district court." (Pet. ¶13.)

A federal prisoner may challenge the legality of his conviction or sentence, once the conviction is final, only through a motion filed pursuant to 28 U.S.C. § 2255. <u>Okereke v. U.S.</u>, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 does not provide an inadequate or ineffective remedy, thus allowing a petition under 28 U.S.C. § 2241, merely because a petitioner is precluded by the statute of limitations from bringing his claim under 28 U.S.C. § 2255. <u>Cradle v. U.S. ex rel Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002)(holding § 2255 was not inadequate or ineffective to challenge enhanced sentencing under the recidivist provisions of 21 U.S.C. § 841(b)(1)(A), as required

by 21 U.S.C. § 851(a)(1)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538-39 (quoting Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)).

A § 2255 motion is inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000)(quoting Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)(internal quotation marks omitted). In this context, "wrongful detention" means that (a) the petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision"; and (b) the petitioner is barred from filing a § 2255 petition. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Here, Petitioner's drug offense remains a criminal offense, and Petitioner challenges the validity of his sentence enhancement. In the Third Circuit, such claims are not cognizable under § 2241. See Okereke, 307 F.3d at 120 ("[u]nlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, Apprendi dealt with sentencing and did

3

not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal.")

In light of the foregoing, the Court lacks jurisdiction over the petition under § 2241.[1] Any argument Petitioner has that his claim is not barred by the one-year statute of limitations under 28 U.S.C. § 2255 should be made in the sentencing court, upon filing a motion under 28 U.S.C. § 2255.

s/Renee Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

[1] Although this action will be dismissed, Petitioner will be directed to pay his $5 filing fee or submit his in forma pauperis application. See Hairston v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009)(citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)(the prisoner's legal obligation to pay the filing fee or obtain in forma pauperis status is automatically incurred by the very act of raising a legal claim).

4