**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VICTOR CRAIG MILDTON, | : | |
|  | : | Civil Action No. 15-3750(RMB) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| JORDAN HOLLINGSWORTH, WARDEN, | : | |
|  | : | |
| Respondent. | : | |

**BUMB**, District Judge

**I.   BACKGROUND**

This matter comes before the Court upon Petitioner's motion for reconsideration (ECF No. 4) of this Court's June 18, 2015 Opinion and Order (ECF Nos. 2, 3), dismissing his § 2241 petition for lack of jurisdiction. Petitioner is an inmate confined at the Federal Correctional Institution in Fort Dix, New Jersey, imprisoned after pleading guilty to felon in possession of a firearm, 18 U.S.C. § 922(g)(1); and possession with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 841(a), (b)(1)(A)(iii), and 851, in the U.S. District Court, Western District of Michigan on June 10, 2009. Judgment, U.S. v. Mildton, 1:08:CR:196:01 (W.D. Mich. June 10, 2009).

**II. ANALYSIS**

A proper Rule 59(e) motion to alter or amend a judgment "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Petitioner, who pled guilty, challenges his conviction and sentence under 18 U.S.C. § 924(c). (ECF No. 4 at 3-4.) Petitioner alleges it would be futile to file his first time § 2255 motion in the sentencing court outside of the one-year deadline. (Id. at 5.) Recognizing that he might still file such a motion and argue that it is timely or that the statute of limitations should be equitably tolled, Petitioner asks the Court to transfer the matter to the sentencing court with a recommendation to provide him with a full hearing on his sentencing claim. (Id. at 6.) Petitioner further contends that because his underlying claim involves a statutory interpretation rather than a rule of constitutional law, his claim "ought to be cognizable in jurisdictions that allow § 2241 challenges to sentencing errors based on the misapplication of a statute." (Id. at 7.)   As described in this Court's June 18, 2015 Opinion, the Third Circuit allows a Petitioner to file a § 2241

petition under the § 2255 safety valve when the petitioner is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision. (ECF No. 2 at 3.) That is not the case here.

The Court finds no basis to grant Petitioner's motion for reconsideration because Petitioner did not present an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. Nothing in this Opinion and the accompanying Order precludes Petitioner from filing his claim under 28 U.S.C. § 2255 in the sentencing court, and presenting his arguments why the motion should be considered timely, or the statute of limitations should be equitably tolled.  See Grant v. Williamson, 198 F. App'x 263, 265 (3d Cir. 2006) (finding district court correctly dismissed § 2241 petition for lack of jurisdiction rather than construing it as a § 2255 motion because the § 2241 petition was not filed in the sentencing court.)

### III. CONCLUSION

Petitioner has not raised a proper basis to alter or amend the judgment under Rule 59(e). Therefore, his motion for reconsideration will be denied in the accompanying Order filed herewith.

```
                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge
```

Dated: August 25, 2015